**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL ANTONELLI
Reg. # 04053-164                                                                                             PLAINTIFF


V.                                         2:08CV00003 JMM/JFF


RICK MARQUEZ, Captain, FCI-Forrest City; MARTHA
DePOORTER, Correctional Counselor, FCI-Forrest City;
B. BELL, Lt., FCI-Forrest City; SAM LOPEZ, Counselor,
FCI-Forrest City; Mr. SMITH, Case Manager, FCI-Forrest City,
BRIAN PHILLIPS, Counselor, FCI-Forrest City; FRANCENE
HELLAIRE, Case Manager, FCI-Forrest City; LINDA SANDERS,
Warden, FCI-Forrest City; JAMES LEE HOOVER, Chief
Psychologist, FCI-Forrest City; ALISON MARIE RUSK-
LUEKEFELD, RDAP Coordinator, FCI-Forrest City; Mr.
BALTAZAR, SIA, FCI-Forrest City; Mr. MATA, SIS, FCI-Forrest City;
Ms. NORRIS, Lt., FCI-Forrest City; MARK TIPTON, Unit
Manager, FCI-Forrest City; KENNETH GILMORE, Counselor,
FCI-Forrest City; Ms. MILLEN, Case Manager, FCI-Forrest City;
Mr. SMITH, SHU Lt., FCI-Forrest City; LISA WARD, Inmate
Systems Manager, FCI-Forrest City; Mr. HALTIWANGER, Records
Office, FCI-Forrest City; USA, President George Bush, The White
House; and DOES, Others Whose Names are Unknown to the
Plaintiff at this Time                                                                                      DEFENDANTS


**ORDER**

Plaintiff, a prisoner at the Federal Correctional Institute in Manchester, Kentucky, previously housed at Forrest City, filed a *pro se* Complaint (docket entry #1) pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). A three-striker, Plaintiff has paid his filing fee and has obtained leave of the Court prior to filing his claims, as he has been required to do as

1

a result of an Order entered in *Antontelli v. Sanders et al.*, 2:06CV00117 JLH/JFF.[1]

## I. Screening

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(A)(b).

In conducting its review, the Court is mindful that a complaint should be dismissed for failure to state a claim only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain facts sufficient to state a claim as a matter of law and not merely conclusory allegations. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

[1] This case is a companion to *Antonelli v. Luekefeld et al.*, 2:07CV00118 JLH/JTR, which was filed with the permission of Chief Judge J. Leon Holmes (docket entry #4). Plaintiff has been previously barred from filing any cause of action in this Court (and many others, including the United States Supreme Court) without first obtaining leave of the Court. The Magistrate Judge in *Antonelli v. Luekefeld et al.*, *supra*, found that Plaintiff's Complaint contained a "jumble of [numerous] unrelated claims" and directed that he file the claims in the instant case in a separate case.

## II. Factual Background

Plaintiff first raised most the claims set forth in the instant action in another case filed on March 6, 2006 – *Antontelli et al. v. Depoorter et al.*, 2:06CV00061 WRW.  At its height, so to speak, that case encompassed twenty-seven known Defendants, ten Doe Defendants, sixty-three handwritten pages, and four separate motions to consolidate four previously dismissed and closed *habeas corpus* cases with it.  The case was ultimately dismissed without prejudice as frivolous and for failure to prosecute, and the judgment was affirmed on appeal.

On September 10, 2007, Plaintiff submitted a five-hundred page Complaint, *Antonelli v. Luekefeld et al.*, case number 2:07CV00118 JLH/HDY, accompanied by a motion requesting prior permission from the Court to file the action pursuant to *Bivens v. Six Unknown Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and the Federal Tort Claims Act.  Chief Judge Holmes granted Plaintiff permission to file an Amended Complaint, not the seventy-eight count original version which alleged that all wrongs were "part of a scheme to retaliate against him for filing numerous grievances and lawsuits," "in an apparent attempt to circumvent the Court's May 16, 2006 Order and Judgment, which prevents him from refiling any claims that have been adjudicated on the merits . . . ."

Plaintiff was given specific instructions for the preparation of his Substituted Complaint: he could raise no more than ten retaliation claims that were related in time and subject matter, naming as Defendants only those personally involved in those ten retaliation claims, explaining specifically how each of those Defendants retaliated against Plaintiff, and seeking only appropriate relief.  Still objecting strenuously, Plaintiff did file a Substituted Complaint (docket entry #6), naming thirty-one Defendants plus other Does "presently unknown."  Upon screening this

complaint, the Magistrate Judge found that it "contain[ed] a jumble of unrelated claims that arise during different time frames and involve numerous different Defendants. Given the convoluted and disparate nature of these unrelated claims, the Court concludes that it would be impossible for the parties to complete discovery, file appropriate motions, and present the case to a jury in a coherent fashion." Therefore, the Court found, Plaintiff would be allowed to proceed with those claims that related to his allegations of retaliatory removal from certain prison programs at the FCI-FC unit, and dismissed the remainder of his claims, without prejudice to his right to re-file them in a separate cause of action.

The instant cause of action is the result of that direction. Plaintiff here names twenty of the same Defendants he has named in at least three of his previous lawsuits, plus the United States (through President George Bush) and an unspecified number of John Doe Defendants. The claims are, as best the Court can follow:

1) On June 16, 2005, Plaintiff was charged with a false disciplinary in a conspiracy amongst Defendants DePoorter, Bell, Phillips, Lopez, Smith, Hellaire, and Sanders, in retaliation against Plaintiff for having "exercised his First Amendment rights" by filing grievances against DePoorter and Phillips. It is unclear from Plaintiff's recitation of events whether he was ultimately convicted of this charge or exonerated.

2) On March 2 and March 30, 2006, Plaintiff was again falsely charged with a disciplinary, this time in retaliation for having filed a grievance complaining that Defendants Luekenfeld and Hoover were not licensed to practice as psychologists in Arkansas. He contends that Defendants Luekenfeld, Hoover, Baltazar, Marquez, and Jones conspired to charge Plaintiff with "engaging in a group demonstration" as retaliation for his assertion of his First Amendment rights in writing

grievances, and he was denied due process at his disciplinary hearing. In addition to other monetary relief sought, Plaintiff also seeks damages from Luekenfeld and Hoover for "lacking proper credentials" and monetary damages for having been "falsely charged and convicted of the incident."

3) On March 29 and 31, 2006, Plaintiff claims that he was "falsely and fictitiously charged with unauthorized use of the mail" in a conspiracy by Defendants Luekenfeld, Mata, Norris, Tipton, and Phillips. This conviction was subsequently overturned on appeal to the warden.

4) When Plaintiff had completed his sentence in isolation (Special Housing Unit, or SHU) on April 29, 2006, Defendants Marquez, Hoover, Luekenfeld, Gilmore, Hellaire, Baltazar, Tipton, Millen, and Smith "prevented Plaintiff from re-entering the general inmate population after having served his time in detention."

5) On May 15, 2006, Plaintiff was subjected to a "retaliatory transfer" to a higher level security unit (Big Sandy) on the basis of false information provided by Defendants Millen, Lopez, Sanders, Tipton.

6) Sometime between May 12 and May 15, 2006, Plaintiff's unspecified personal and legal property was lost and/or destroyed during his move from FCI-FC to Big Sandy. He states that Defendants "Ward, Haltiwanger, Baltazar, Marquez, and Smith" were all "involved in this conduct," as well as other officers whose identities are unknown.

### III. Directions

Despite having now had multiple attempts to file a proper pleading, as well as explicit directions from at least two other judges, Plaintiff has failed to state facts sufficient to allow the Court to determine if he has stated a claim for relief. Accordingly, if Plaintiff intends to pursue this matter, he must submit an Amended Complaint containing the additional information set forth

below, and only that information specifically requested.

1) As to his claims of retaliatory discipline occurring on June 16, 2005, Plaintiff should clarify whether he was convicted of this disciplinary charge, and whether the conviction was ever reversed on appeal.  He should also explain what punishment he received, or what injury he sustained as a result of this allegedly false disciplinary conviction.  Lastly, while Plaintiff has alleged a conspiracy amongst Defendants DePoorter, Bell, Phillips, Lopez, Smith, Hellaire, and Sanders to punish him with this allegedly retaliatory discipline, it appears from the Complaint that the action that Plaintiff took that allegedly gave rise to the retaliatory animus was directed only at Defendants DePoorter and Phillips.  Therefore, Plaintiff should further explain the causal connection between the retaliatory animus of one person and the action of another.

2) As to his claims of retaliatory discipline on March 2, 2006 and March 30, 2006, Plaintiff must explain: a) How he was injured or harmed by the alleged failure of licensing of psychologists Luekenfeld and Hoover; b) the causal connection between the retaliatory animus of Luekenfeld and Hoover and the actions of Baltazar, Marquez and Jones; c) whether his conviction was ever overturned on appeal; and d) what punishment or injury he sustained as a result of his conviction.

3) As to Plaintiff's claims that on April 29, 2006, Defendants Marquez, Hoover, Luekenfeld, Gilmore, Hellaire, Baltazar, Tipton, Millen, and Smith "prevented Plaintiff from re-entering the general inmate population after having served his time in detention," he must explain specifically what actions these Defendants are alleged to have done, or failed to have done, that caused him injury, i.e., how they prevented him from returning to general population, and what injury he sustained as a result.

4) As to Plaintiff's claim that Defendants Millen, Lopez, Tipton, and Sanders "used false and fictitious information to raise Plaintiff's security/custody level . . . to retaliatory transfer [sic] Plaintiff to a higher security prison," Plaintiff must show that impermissible retaliation was "the

6

actual motivating factor for his transfer." *Cornell v. Woods*, 69 F. 3d 1383 (8th Cir. 1995). He must also clarify the nature of the retaliatory animus on the part of these Defendants, and the alleged injury or harm Plaintiff sustained as a result of the transfer to Big Sandy.

5) Lastly, Plaintiff has alleged that his personal property, including legal materials, was lost and/or damaged during his transfer from Forrest City to Big Sandy. It is not sufficient to simply state that "Defendants Ward, Haltiwanger, Baltazar, Marquez, and Smith" were all "involved in this conduct." Plaintiff must state facts that show that these Defendants acted, or failed to act, and that these actions specifically resulted in the loss of his possessions. Plaintiff must also specifically describe his lost possessions, and their monetary value, in order to state a claim for damages for their loss.

## IV. Conclusion

Plaintiff will be given thirty (30) days in which to complete and submit this Amended Complaint, and he is reminded of the obligations under Local Rule 5.5(c)(2) which were outlined in previous Orders from the Court. Service on the Defendants is not appropriate at this time.

IT IS SO ORDERED this 14th day of February, 2008.

_____
UNITED STATES MAGISTRATE JUDGE