**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

MICHAEL ANTONELLI
Reg. # 04053-164                                                                                              PLAINTIFF

V.                                              2:08CV00003 JMM/HDY

DePOORTER, *et al.*                                                                                        DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Recommended Partial Disposition submitted by United States Magistrate Judge Joe V. Volpe and the parties' objections.

The Magistrate Judge found that defendants were not entitled to the "some evidence" defense because the evidence upon which the defendants relied arose from a September 14, 2005 disciplinary hearing which was subsequently found to be defective by the Central Office of the Bureau of Prisons.[1] The Magistrate Judge went on to say that the defect was caused by the defendants. Defendants object contending that they should be allowed the defense because they did not participate in the September 14, 2005 hearing and were, therefor, not the cause of any defective hearing.

The Memorandum dated September 14, 2005, which states that plaintiff had been found guilty of refusing an order of a staff member and insolence towards a staff member does not list all of the participants. *See* Def. Ex. 6 to Doc. # 96. Assuming without deciding that defendants were not involved in the September, 2005 hearing, it does not change the outcome of the Magistrate Judge's finding. Regardless of whether they participated in the hearing, they still cannot take

---

[1] A prison official may successfully defend a retaliatory discipline claim under 42 § 1983 by showing some evidence the inmate actually committed a rule violation. *See Hartsfield v. Nichols*, 511 F.3d 826, 829 (8th Cir. 2008).

advantage of a defense which is based upon a hearing that has been found to be defective by the Bureau of Prisons. The defective hearing results in plaintiff's guilt or innocence of the disciplinary charges being in dispute which precludes a grant of summary judgment.

Defendants also object to the finding by the Magistrate Judge that the Central Office's action of partially granting plaintiff's appeal and referring the matter back to the Warden of the Forrest City facility resulted in a reversal of the September 14, 2005 hearing decision. Defendants contend that the remand was based upon concerns expressed by the Central Office which were procedural in nature, did not concern any act or omission of the defendants, and did not implicate the final decision of the Unit Discipline Committee that plaintiff was guilty of the offenses charged.

The March 30, 2006 response by the Administrator of the National Inmate Appeals division directed to plaintiff stated that "During our review of the record, we identified some concerns. Accordingly, your appeal is partially granted, and the matter is referred to the institution for reconsideration." *See* Gov. Ex. C. to Doc. # 105. The accompanying memorandum to the Warden of the Forrest City facility from the Administrator stated that "our review of the amended record revealed the finding was partially based on the inmate's admission. Yet, we could find no other reference to the reference to an admission. Consultation with unit staff indicated the inmate admitted to offenses during the rehearing, but they failed to document it. . . . it would be appropriate to correct the record, hold another hearing, and permit the inmate to pursue the remedy process again if he desires. *See Id.*, Gov. Ex. D. Based upon these documents, the remand back to the Forrest City facility clearly had the effect of negating the decision that plaintiff was guilty of the charged offenses.

Defendants's final objection is to the Magistrate Judge's finding that they are not entitled to Qualified Immunity. The Court adopts the Magistrate Judge's finding and recommendation on this issue.

Defendants also seek a clarification as to whether plaintiff is making a claim of retaliatory transfer. The Magistrate Judge found that plaintiff's claims had been narrowed to a claim that he was subjected to retaliatory discipline by defendants DePoorter and Phillips in the spring of 2005. *See* May 13, 2010 Partial Report and Recommendation, p. 4. This retaliatory discipline "included transfer to a higher security facility and the loss of constitutionally-protected privileges and good-time credit that might have shortened the length of [plaintiff's] confinement." *Id.* Based upon these findings, the retaliatory transfer is one element of the broader claim that plaintiff was subjected to retaliatory discipline by defendants.

Therefore, based upon the above and making a *de novo* review of the record in this case, including listening to the tape of the March 10, 2010 pre-jury hearing, the Court concludes that the Proposed Findings and Recommended Partial Disposition should be, and hereby are, approved and adopted as this Court's findings.

IT IS THEREFORE ORDERED that the Defendants' Motion for Summary Judgment (docket entry #70) is DENIED.

DATED this  9  day of July, 2010.

                                                                                  James M. Moody
                                                                              JAMES M. MOODY
                                                                              UNITED STATES DISTRICT JUDGE