**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**EASTERN DIVISION**

MICHAEL ANTONELLI,
Reg. # 04053-164                                                                                              PLAINTIFF

V.                                      2:08-cv-00003-JMM-JJV

MARTHA DEPOORTER, Correctional
Counselor, FCI-Forrest City; and BRIAN
PHILLIPS, Counselor, FCI-Forrest City
DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Pending before the Court is Defendants' Motion for Summary Judgment (Doc. No. 118), to which Plaintiff has responded (Doc. No. 126). Defendants have raised this issue previously (Doc. No. 70) and after a hearing the Court denied the Motion. (Doc. Nos. 102, 106).

"Summary judgment is appropriate when the evidence, viewed in a light most favorable to the non-moving party, demonstrates that there is no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law." *Clark v. Kellogg Co.*, 205 F.3d 1079, 1082 (8th Cir. 2000); FED. R. CIV. P. 56(c). If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact, the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). To avoid summary judgment, the non-moving party must "show that admissible evidence will be available at trial to establish a genuine issue of material fact." *Churchill Bus. Credit, Inc. v. Pacific Mut. Door Co.*, 49 F.3d 1334, 1337 (8th Cir. 1995).

The facts have been thoroughly recited in the parties' pleadings and the Court's previous order (Doc. No. 102); thus, they need not be repeated again. Defendants again seek dismissal because, regardless of whether or not the Defendants' actions were retaliatory, they state there is "some evidence" to support Plaintiff's disciplinary charges and conviction. Plaintiff counters that the defense fails to overcome the procedural flaws in the disciplinary hearing and they have provided nothing new to change the previous findings of the Court. This Court previously concluded that the facts in this case prevented a finding that the "some evidence" rule applies, because the evidence that Defendants rely on arises from a defective disciplinary hearing – the defect caused by Defendants. Plaintiff argues in his response that the "some evidence" rule is based on principles of due process. *Superintendent Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 453 (1985). The Court agrees and concludes that the process in Mr. Antonelli's case was flawed and thus it remains improper and unfair for this Court to shield the Defendants and rely on "some evidence" that resulted from a hearing they failed to properly conduct. Furthermore, it is important that Defendants could have corrected the defects and provided a new hearing as National Inmate Appeals Administrator Harrell Watts directed, but they chose instead to leave the matter unfinished.[1]

---

[1] As recited in the Court's previous Order, after FCC Forrest City prison officials convicted Plaintiff at the administrative disciplinary hearing, Plaintiff appealed his conviction. On appeal, the BOP Central Office reversed this disciplinary hearing after finding it did not comport with BOP standards and regulations. A memorandum to Warden Linda Sanders from the National Inmate Appeals Administrator Harrell Watts, dated March 30, 2006 (Doc. No. 96-2), states in pertinent part:

> Our review of the amended record revealed the finding was partially based on the inmate's admission. Yet, we could find no other reference to an admission. Consultation with unit staff indicated the inmate admitted to offenses during the rehearing, but they failed to document it. Based on Program Statement 5270.07, *Inmate Discipline and Special Housing Units*, and this information, it would be appropriate to correct the record, hold another hearing, and permit the inmate to pursue the remedy process again if he desires.

Mr. Watts also responded to Plaintiff through the administrative remedy process and stated:
> Program Statement 5270.07, *Inmate Discipline and Special Housing Units*, permits the appropriate reviewing official to approve, modify, reverse, or send back with

Just as Mr. Watts concluded, this Court also finds that "it would [have been] appropriate to correct the record, hold another hearing, and permit [Plaintiff] to pursue the remedy process again if he desires." (Doc. No. 96-3). Yet, Defendants chose to do nothing. Hence, this Court is unwilling to apply "some evidence" derived from a defective disciplinary process to support a conclusion that Defendants' actions, as a matter of law, were not retaliatory.

In addition, the Court finds Defendants' new evidence to be unpersuasive. The Court previously reviewed the information contained in Exhibits A and B and Plaintiff contests the information contained in the affidavit from Francene Helaire, Case Management Coordinator. Thus, questions of fact still remain and Defendants' Motion for Summary Judgment should be DENIED.

## **CONCLUSION**

For the reasons cited above, the Court recommends that Defendants' Motion for Summary Judgment (Doc. No. 118) be DENIED, and the case proceed to trial by jury by the District Court during the week of July 25, 2011.

DATED this 8th day of April, 2011.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

directions, including ordering a rehearing, and disciplinary action of the UDC. During our review of the record, we identified some concerns. Accordingly, your appeal is partially granted, and the matter is referred to the institution for reconsideration."

(Doc. No. 96-3).

4