IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

MICHAEL ANTONELLI,
Reg. # 04053-164                                                                                           PLAINTIFF

V.                                         2:08-cv-00003-JMM-JJV

MARTHA DEPOORTER, Correctional
Counselor, FCI-Forrest City; and BRIAN
PHILLIPS, Counselor, FCI-Forrest City                                                      DEFENDANTS

**ORDER**

The Court has reviewed the Proposed Findings and Recommended Disposition submitted by United States Magistrate Judge Joe J. Volpe and the Defendants' objections. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Recommended Disposition should be, and hereby are, approved and adopted in their entirety as this Court's findings in all respects.

In his Complaint, Plaintiff contends that Defendants retaliated against him in violation of his constitutional rights when he was charged and found guilty of refusing an order of a staff member and of being insolent toward staff. Defendants argue that Plaintiff's Complaint should be dismissed, regardless of whether the Defendants' actions were retaliatory, because there is "some evidence" to support Plaintiff's disciplinary charges and conviction. *See Superintendent, Mass. Corr. Inst., Walpole v. Hill,* 472 U.S. 445, 455, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) ("[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits.") .

Defendants object to the Magistrate Judge's finding that the evidence upon which Defendants rely for the "some evidence" rule is unavailable to them because it was presented or resulted from a defective disciplinary hearing. Defendants contend that they did not participate in the defective hearing

1

and that it was not their responsibility to correct the process. To prevent them from using the evidence from that hearing, according to the defendants, would result in *Bivens* liability being imposed on them for the alleged wrongs of other federal actors.

The Court agrees that *Bivens* liability will not be imposed for the alleged wrongs of another federal actor. *See Tallman v. Reagan*, 846 F.2d 494, 495 (8th Cir. 1988). However, Plaintiff's claim is that Defendants retaliated against him, not that they participated in a defective hearing. Here, Defendants seek to use the "some evidence" rule as their defense. As previously stated by the Court, a defense based upon a defective hearing cannot be used by any defendant.

Defendants' remaining objections are related to the declarations filed in support of Defendants' January 4, 2011 Motion for Summary Judgment which Defendants contend is untainted evidence. Plaintiff contends that it is simply re-packaged evidence that was used in the defective hearing and should not be allowed in deciding this motion for summary judgment.

Regardless of whether these declarations are re-packaged evidence or supplemental evidence, Plaintiff's declarations filed in response to the pending motion and his sworn testimony at the pre-jury hearing held on March 10, 2010, place material facts in dispute which precludes the grant of summary judgment.

IT IS THEREFORE ORDERED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 118) is DENIED.

IT IS SO ORDERED this  22  day of April, 2011.

_____
JAMES M. MOODY
UNITED STATES DISTRICT JUDGE